Image ID:  **SUMMONS**  Doc. No.  183785
D00183785D59

IN THE DISTRICT COURT OF Sarpy COUNTY, NEBRASKA
Sarpy County Courthouse
1210 Golden Gate Dr, Ste 3141
Papillion        NE 68046 3087

Ziad L Zawaideh v. The Standard Insurance Company        Case ID: CI 19    839

TO:  The Standard Insurance Company

You have been sued by the following plaintiff(s):

Ziad L Zawaideh

Plaintiff's Attorney:   Natalie M Hein
Address:                1299 Farnam Street, #1220
                        Omaha, NE 68102

Telephone:              (402) 341-1200

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Date: MAY 6, 2019          BY THE COURT:  Don Heath
                                          Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE COMPLAINT/PETITION ON:

The Standard Insurance Company
% Allison T. Stumbo, Reg. Agent
900 SW 5th Avenue
Portland, OR 97204

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue, and file with the court clerk proof of service within ten days after the signed receipt is received or is available electronically, whichever occurs first.



EXHIBIT A

IN THE DISTRICT COURT OF SARPY COUNTY, NEBRASKA

| | |
|---|---|
| ZIAD L. ZAWAIDEH, ) | CASE NO. CI 19 839 |
| Plaintiff, ) | |
| v. ) | |
| THE STANDARD INSURANCE ) COMPANY, ) | **COMPLAINT** |
| Defendant. ) | |

COMES NOW the Plaintiff, Ziad L. Zawaideh, and for his Complaint against Defendant, The Standard Insurance Company, alleges and states as follows:

1. Plaintiff is a resident of Omaha, Douglas County, Nebraska. He is a family practitioner, who also owns two medical practices.

2. Defendant is a national insurance company that transacts business in the State of Nebraska.

3. On August 14, 1987, Defendant issued to Plaintiff an individual disability insurance policy, policy number 1-730-9568 ("Policy 1).

4. For 30 years, Plaintiff paid the annual premium of $3,654.90 under Policy 1 until such policy ended on August 14, 2017.

5. On July 22, 1993, Defendant issued to Plaintiff an additional individual disability insurance policy, policy number 1-971-259H ("Policy 2").

6. For 24 years, Plaintiff paid the annual premium of $916.96 for Policy 2 until such policy ended on July 21, 2017.

7. In exchange for premiums paid, both Policy 1 and Policy 2 (the "Policies") required Defendant to make disability payments to Plaintiff in specified amounts in the event that Plaintiff developed a "disability," as that term is defined by the Policies. Both Policies required Defendant to continue to make the specified disability payments to Plaintiff so long as Plaintiff remained disabled.

8. Plaintiff paid all annual premiums and otherwise complied with the terms of the Policies.

9. On or about March 15, 2015, Plaintiff developed a disability as that term is defined by the Policies. Plaintiff remained disabled throughout the terms of the Policies.

10. In early April 2015, Plaintiff submitted claims under the Policies for disability benefits.

11. On September 9, 2015, Defendant denied Plaintiff's claims under both Policies.

12. Thereafter, Plaintiff tried numerous times to have these claims reviewed.

13. In addition to September 9, 2015, Defendant also denied Plaintiff's claims under both Policies on December 12, 2018; January 17, 2019; and April 29, 2019.

## Count I - Breach of Contract

14. Plaintiff incorporates the foregoing paragraphs herein as if fully set forth below.

15. The parties entered into the above Policies, whereby Defendant agreed to make disability payments to Plaintiff in specified amounts in the event that Plaintiff developed a disability.

16. Plaintiff developed a disability, and Defendant failed to pay disability benefits to Defendant.

17. Under the Policies, Defendant is entitled to $274,276.70 in disability benefits for the time period for which he was disabled.

WHEREFORE, Plaintiff prays for judgment against Defendant in the sum of $274,276.70, with interest on such amount awarded as allowed by law from the date of the judgment until paid, for cost and attorney's fees pursuant to Neb. Rev. Stat. § 44-359, and for other relief as warranted by the evidence at trial.

## Count II - Bad Faith

18. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

19. Defendant failed to adequately investigate whether Plaintiff is entitled to disability benefits under the Policies.

20. Defendant failed to acknowledge with reasonable promptness documentation provided by Plaintiff and failed to affirm or deny coverage of Plaintiff's claims within a reasonable time after it received the documentation.

21. Defendant failed to provide a reasonable or justifiable basis for denying Plaintiff's claims.

22. In denying Plaintiff's claims under the Policies, Defendant acted with knowledge or reckless disregard of the lack of a reasonable basis for denying such claims.

DATED this 3rd day of May 2019.

ZIAD L. ZAWAIDEH, Plaintiff

By: /s/ Natalie Hein
DANIEL J. WELCH, #21553
NATALIE HEIN, #26208

WELCH LAW FIRM, P.C.
1299 FARNAM ST., SUITE 1220
OMAHA, NE 68102
(402) 341-1200
(402) 341-1515 (FAX)

**WELCH LAW FIRM, P.C.**

Landmark Center
Suite 1220
1299 Farnam Street
Omaha, Nebraska 68102

RECEIVED
MAY 14 2019
GROUP LEGAL DEPARTMENT
STANDARD INSURANCE CO.

7014 3490 0000 5123 4562

Return Receipt Requested



The Standard Insurance Co.
c/o Allison T. Stumbo, Registered Agent
900 SW 5th Ave.
Portland OR 97204



97204-128999



RICOH

Date Received: 05/14/2019 10:49 AM

Stumbo, Allison

C22

Routing #:IOFF327402

USPS
900 SW 5th AVE